# Case No. 5,516.

## GOLDSBOROUGH v. BAKER.

### [3 Cranch, C. C. 48.] [1]

Circuit Court, District of Columbia. Dec. Term, 1826.

#### LIQUIDATED DAMAGES—PENALTY—EVIDENCE.

1. In a covenant by the defendant, dated January 13, 1824, to deliver 5000 perches of building stone at a certain place, by a certain day, at $2 a perch, to be paid as the plaintiff should receive money from the government, and 1000 perches of Rip-Rap stone, by a certain day, and 2000 perches, if plaintiff should give defendant notice before the 1st of May, at $1.80 a perch, and that defendant would not ship any stone on his account from the District of Columbia before the 1st of November, then next, and which covenant concludes with these words: "In witness whereof we bind ourselves to pay, each to the other, in case of failure by either of us on this contract, the sum of $2000 in case the said stone shall not be delivered, or, when delivered, paid for as above." This sum of $2000 is a penalty and not liquidated damages; and the contingent quantity of 2000 perches of Rip-Rap stone, includes the 1000 perches mentioned in the same sentence.

[Cited in Williams v. Vance, 9 S. C. 344.]

2. Declarations of the plaintiff, after the date of the contract, may be given in evidence by the defendant to mitigate the damages, as well as to contradict the plaintiff's evidence.

Covenant upon an agreement, dated January 13, 1824, under seal, by which the defendant [John W. Baker] contracted with the plaintiff [Howes Goldsborough] to deliver 5000 perches of building stone at Fortress Munroe at a place called "The Rip-Raps" by the 1st of November, 1824, at $2 a perch, to be paid as fast as money should be received by the plaintiff from the government therefor, and also 1000 perches of Rip-Rap stone, and 2000 perches of Rip-Rap stone, if the plaintiff should require it and give notice to the de-

1 [Reported by Hon. William Cranch, Chief Judge.]

fendant before the 1st of May, for which the plaintiff agreed to pay $1.80 a perch, and the defendant covenanted that he would not ship any stone on his account from the District of Columbia before the 1st of November then next. And the covenant concluded thus: "In witness whereof we bind ourselves to pay, each to the other, in case of failure by either of us on this contract, the sum of $2,000, in case the said stone shall not be delivered, or when delivered, paid for as above." The breach alleged was on the nondelivery of the 5000 perches of building stone, and the 1000 perches and the 2000 perches of Rip-Rap stone.

Upon the trial the plaintiff claimed the $2000 (reserved in the covenant) as stipulated damages.

But THE COURT (nem. con.) stopped Mr. Key and Mr. Redin for defendant and decided, and so instructed the jury, that the said sum of $2000 was to be considered as a penalty, and not as stated damages; and that the jury, in the assessment of damages, ought to be guided, not by the said sum as stated damages, but the actual damage proved by the plaintiff to have been sustained by him from the breach of the said contract.

And the plaintiff, having given notice, before the 1st of May, 1824, to the defendant to deliver the 2000 perches of Rip-Rap stone mentioned in the contract, claimed damages to be assessed by the jury, as for 3000 perches of such stone, after deducting the quantity actually delivered.

But THE COURT (nem. con.) decided, and so instructed the jury that the said 2000 perches of Rip-Rap stone included the preceding 1000 perches, and constituted the whole quantity of such stone which the defendant had stipulated, by the said contract, to deliver.

The defendant then offered to prove in mitigation of damages, and in contradiction of the plaintiff's evidence, that late in September or early in October, 1824, he requested of the plaintiff an extension of the time for the delivery of the stone; which the plaintiff refused, saying that he had prepared himself to deliver the balance of stone, in case of the defendant's failure; to the admission of which evidence the plaintiff objected, but THE COURT (MORSELL, Circuit Judge, contra) admitted the same.

Verdict for the plaintiff, $100. Bills of exception were taken, but no writ of error was issued.

Mr. Lear and Mr. Jones, for plaintiff, cited Roy v. Duke of Beaufort, 2 Atk. 193; Rolfe v. Peterson, 2 Brown, Parl. Cas. 436; Ponsonby v. Adams, Id. 431; Sandiford v. Tayloe, 7 Wheat. [26 U. S.] 18; Astley v. Weldon, 2 Bos. & P. 346; Sloman v. Walter, 1 Brown, Ch. 418; Cotterel v. Hooke, 1 Doug. 97; Wilbeam v. Ashton, 1 Camp. 78; Fletcher v. Dyche, 2 Term R. 32; 1 Holt, N. P. 20, 43.